**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ANNE MCELROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| KRAMER LINKIE & TAYLOR, LLC, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

ANNE MCELROY, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KRAMER LINKIE & TAYLOR, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and is headquartered in the State of Maryland, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person residing in Zebulon, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 9210 Corporate Blvd., Suite 350, Rockville, MD 20850.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt, allegedly related to an American Eagle store card.

11. The alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Beginning in January 2012, and continuing through April 2012, Defendant placed continuous harassing telephone calls to Plaintiff's cellular telephone.

13. Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

14. Defendant's harassing collection calls originated from numbers including, but not limited to, (404) 220-8352, (404) 890-5822, (877) 745-9562, (877) 745-9562. The undersigned has confirmed that these telephone numbers belongs to Defendant.

15. During this time, Defendant called Plaintiff, on average, two to three times a day,

including weekends.

16. Plaintiff received calls from both male and female representatives, including individuals that have identified themselves as "Jamal Hines", "Sylvester", "Ms. Rich", "Daven Shepherd", "Mr. Hyde", and "Victoria Weaver."

17. Plaintiff has hung up the telephone upon learning the call was from Defendant, only to be immediately called back by Defendant.

18. Plaintiff has it made it clear to Defendant that its calls were unwanted indicating that she had nothing further to discuss with them.

19. Defendant's representatives have misrepresented themselves as attorneys when speaking with Plaintiff.

20. However, upon information and belief, the individuals placing calls to Plaintiff were not attorneys.

21. In February 2012, Defendant threatened to take legal action against Plaintiff if she did not pay the alleged debt.

22. Upon information and belief, Defendant did not intend to sue Plaintiff for this alleged debt.

23. Plaintiff told Defendant that she refused to pay the subject debt.

24. Even after Plaintiff's refusal to pay the debt, Defendant continued to call and harass Plaintiff for payment of the debt.

25. Defendant's collectors left messages for Plaintiff indicating that they were calling from a law office, but the messages do not indicate that they were debt collectors.

26. In January 2012, Defendant's collectors pressured Plaintiff into providing post-dated checks via an automatic withdrawal system advising her that she had no other options.

27. Plaintiff advised Defendant that she could not afford the amounts demanded, but Defendant refused to accept a payment plan affordable to Plaintiff.

28. Rather, Defendant demanded that Plaintiff provide two post-dated checks for $250.00 and one post-dated check for $160.00.

29. Without Plaintiff's permission and without any notice, Defendant deposited the two post-dated checks for $250.00 in February 2012.

30. As Plaintiff did not agree to these checks being deposited in February 2012, and did not have the funds to cover both checks, one of the checks was returned for insufficient funds causing Plaintiff to incur an overdraft fee.

31. When Plaintiff requested something in writing to illustrate her payment arrangement with Defendant, she was told that Defendant would send the payment arrangement in the mail. However, Defendant never sent this payment arrangement in the mail to Plaintiff.

32. In April 2012, Plaintiff told she would no longer consent to automatic withdrawals and would send money orders in for future payments, but Defendant continued to automatically withdraw money from her account.

33. Upon information and belief, the Defendant's call log will reflect that certain calls from Defendant to Plaintiff's cellular phone were computer generated calls, generated by the use of an automatic telephone dialing system, or used a pre-recorded or artificial voice.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

35. Over the period that Defendant was contacting Plaintiff, Defendant called Plaintiff dozens of times on her cellular phone using a pre-recorded or automated message.

36. Defendant took the actions herein with the intent to harass, deceive and intimidate Plaintiff into paying the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

37. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

38. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it immediately called Plaintiff back after Plaintiff hung up the phone on Defendant, and when it engaged in other harassing or abusive conduct.

**COUNT II**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

39. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

40. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT III**
**DEFENDANT VIOLATED § 1692e OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

41. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive

or misleading representation or means in connection with the collection of any debt.

42. Defendant violated § 1692e of the FDCPA when it was deceptive and misleading when it allowed Plaintiff to believe that she was always dealing with attorneys when Defendant's representatives called, when it failed to provide a copy of the payment arrangement as requested by Plaintiff, by failing to disclose they are a debt collector, when it threatened to sue her without the intent to take such action, when it withdrew money from Plaintiff's bank account without her permission, and when it made other false, deceptive or misleading representations.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

43. Section 1692e(3) of the FDCPA prohibits debt collectors from making the false representation or implication that any individual is an attorney or that any communication is from an attorney.

44. Defendant violated § 1692e(3) of the FDCPA when it made the implication and allowed Plaintiff to believe that he was always speaking with attorneys when Defendant would talk with Plaintiff about the subject debt.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

45. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

46. Defendant violated § 1692e(10) of the FDCPA when it allowed Plaintiff to believe that she was always dealing with attorneys when Defendant's representatives called,

when it failed to provide a copy of the payment arrangement as requested by Plaintiff, by failing to disclose they are a debt collector, when it threatened to sue her without the intent to take such action, when it withdrew money from Plaintiff's bank account without her permission, and when it made other false, deceptive or misleading representations.

### COUNT VI
### DEFENDANT VIOLATED § 1692e(11) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

47. Section 1692e(11) of the FDCPA prohibits debt collectors from failing to disclose that the communication is from a debt collector.

48. Defendant violated § 1692e(11) of the FDCPA when it failed to disclose to Plaintiff that calls to her were from a debt collector.

### COUNT VII
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

49. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

50. Defendant violated § 1692f of the FDCPA when it placed repeated harassing telephone calls to her, when it allowed Plaintiff to believe that she was always dealing with attorneys when Defendant's representatives called, when it failed to provide a copy of the payment arrangement as requested by Plaintiff, by failing to disclose they are a debt collector, when it withdrew money from Plaintiff's bank account without her permission, when it threatened to sue her without the intent to take such action, and when it made other false, deceptive or misleading representations.

## COUNT VIII
## DEFENDANT VIOLATED § 1692f(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

51. Section 1692f(1) of the FDCPA prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

52. Defendant violated § 1692f(1) of the FDCPA when it proceeded to make deposits of postdated checks, and to take automatic withdrawals from Plaintiff's account without her authorization, or by virtue of any agreement.

## COUNT IX
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

54. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

55. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

56. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's cellular telephone, using a pre-recorded or artificial voice.

57. Defendant contacted Plaintiff on her cellular telephone dozens of times.

58. Defendant did not have Plaintiff's express consent prior to contacting her on her cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

59. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

WHEREFORE, Plaintiff, ANNE MCELROY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff ANNE MCELROY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 01/17/13                     KIMMEL & SILVERMAN, P.C.

By: <u>s/ Amy L. Bennecoff</u>
    Amy L. Bennecoff, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com

Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT